Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Elida M. Espinoza (State Bar No. 314001)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
lauren@ferrarovega.com / nick@ferrarovega.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA CARDENAS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNDER ARMOUR RETAIL, INC.; UNDER ARMOUR, INC.; UNDER ARMOUR RETAIL OF CALIFORNIA, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  **'22CV647  RBM BLM**<br><br>**CLASS ACTION**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1. Failure to Pay All Overtime Wages<br>2. Failure to Pay All Overtime Wages (FLSA)<br>3. Meal Period Violations<br>4. Rest Period Violations<br>5. Unpaid Vacation Wages<br>6. Untimely Payment of Wages<br>7. Wage Statement Violations<br>8. Waiting Time Penalties<br>9. Failure to Provide PSL & Supp. PSL<br>10. Unfair Competition |

Plaintiff BRENDA CARDENAS ("Plaintiff"), as an individual and on behalf of all others similarly situated, brings this CLASS AND COLLECTIVE ACTION COMPLAINT against Defendants UNDER ARMOUR RETAIL, INC.; UNDER ARMOUR, INC.; UNDER ARMOUR RETAIL OF CALIFORNIA, LLC; and DOES 1 through 50 (collectively, "Defendants"), and on information and belief alleges as follows:

## INTRODUCTION

1.     This is a class and collective action brought for Defendants' violations of the California Labor Code, Business and Professions Code, and the Fair Labor Standards Act.

2.     Plaintiff's allegations address Defendants' failure to include all required forms of remuneration in the "regular rate" of pay used to lawfully calculate and pay certain wages and premiums to employees under state and federal employment laws, among other issues such as Defendants' untimely payment of vacation wages, waiting time penalties, and wage statement violations.

## JURISDICTION & VENUE

3.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law wage and hour claims are related with the federal wage and hour claims and form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants because a substantial part of the events giving rise to the claims arose in this district, as Plaintiff brings claims on behalf of a California class of current and

- 1 -

former California employees who worked throughout California, including in San Diego County.

## PARTIES

**A.    Plaintiff Brenda Cardenas**

6.      Plaintiff BRENDA CARDENAS is an individual over 18 years of age who worked for Defendants in SAN DIEGO COUNTY as an hourly, non-exempt employee until FEBRUARY 2022.

**B.    Class Members**

7.      Plaintiff brings this action as an individual and on behalf of the following classes under Code of Civil Procedure § 382, as well as the following FLSA collective under 29 U.S.C. § 216(b), altogether referred to in the collective as the "Class" or "Class Members":

        a.    California Overtime Class: All current and former non-exempt employees of Defendants [1] who worked in the State of California at any time during the four years preceding the filing of this action through the present, and [2] who were paid overtime wages in the same pay period in which they were also paid non-excludable forms of renumeration (including commissions, bonuses, and differentials, such as the Retail Bonus, OneTime Bonus, Split Shift Pay, Gifftax-GU, and similar forms of pay).

        b.    FLSA Collective: All current and former non-exempt employees of Defendants [1] who worked in the United States of America at any time during the three years preceding the filing of this action through the present, and [2] who were paid overtime wages in the same pay period in which they were also paid non-excludable forms of renumeration (including commissions, bonuses, and differentials, such as the Retail Bonus, OneTime Bonus, Split Shift Pay, Gifftax-GU, and similar forms of pay).

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

c.  <u>Labor Code § 226.7 Premium Class</u>: All current and former non-exempt employees of Defendants [1] who worked in the State of California at any time during the four years preceding the filing of this action through the present, and [2] who were paid meal and/or rest period premium wages under Labor Code § 226.7 in the same pay period in which they were also paid non-excludable forms of renumeration (including commissions, bonuses, and differentials, such as the Retail Bonus, OneTime Bonus, Split Shift Pay, Gifftax-GU, and similar forms of pay).

d.  <u>Unpaid Vacation Wages Class</u>:  All current and former non-exempt employees of Defendants [1] who worked in the State of California at any time during the four years preceding the filing of this action through the present, and [2] who accrued vacation or paid time off under Defendants' vacation or PTO policies, and [3] who were not paid the full balance of those accrued wages upon separation of employment with Defendants.

e.  <u>Untimely Payment of Wages Class</u>: All individuals who are members of the following classes: (i) the Unpaid Overtime Class, (ii) Labor Code § 226.7 Premium Class; (iii) Unpaid Vacation Wages Class; and (iv) PSL Class.

f.  <u>Wage Statement Class</u>: All individuals who are members of the following classes who received a wage statement from Defendants at any time during the one-year period preceding the filing of this action through the present: (i) the Unpaid Overtime Class, (ii) Labor Code § 226.7 Premium Class; (iii) Unpaid Vacation Wages Class; and (iv) PSL Class.

g.  <u>Waiting Time Class</u>: All individuals who are members of the following classes at any time during the three-year period

- 3 -

preceding the filing of this action through the present, excluding current employees who have never previously separated from employment with Defendants: (i) the Unpaid Overtime Class, (ii) Labor Code § 226.7 Premium Class; (iii) Unpaid Vacation Wages Class; and (iv) PSL Class.

h.   Paid Sick Leave Class: All current and former non-exempt employees of Defendants [1] who worked in the State of California at any time during the four years preceding the filing of this action through the present, and [2] who were paid paid sick leave wages in the same pay period in which they were also paid non-excludable forms of renumeration (including commissions, bonuses, and differentials, such as the Retail Bonus, OneTime Bonus, Split Shift Pay, Gifftax-GU, and similar forms of pay).

**C.   Defendants**

8.   Defendant UNDER ARMOUR RETAIL, INC. is a corporation registered to do business in the State of California, doing business and employing labor throughout San Diego County.

9.   Defendant UNDER ARMOUR, INC. is a corporation registered to do business in the State of California, doing business and employing labor throughout San Diego County.

10.   Defendant UNDER ARMOUR RETAIL OF CALIFORNIA, LLC is a limited liability company registered to do business in the State of California, doing business and employing labor throughout San Diego County.

11.   The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown to Plaintiff, who sues them by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed, believes, and alleges that each of the fictious defendants is responsible in some manner for the acts and omissions alleged herein.

- 4 -

Plaintiff will seek leave to amend this Complaint to reflect their true names and capacities when they become known.

12.     Plaintiff is informed, believes, and alleges that all defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each defendant exercises control over the wages, hours, and working conditions of Plaintiff and the other aggrieved employees, suffers and permits them to work, and/or otherwise engages the workforce creating a common law employment relationship.

13.     Plaintiff is informed, believes, and alleges that at least some of the defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein.

14.     Plaintiff is informed, believes, and alleges that each defendant acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

15.     Plaintiff is informed, believes and alleges that the above-mentioned defendants violated and/or caused to be violated Labor Code and IWC Wage Order provisions and/or regulating minimum wages and days of work and other provisions of the Labor Code with respect to the Class of aggrieved employees.  As a result, they may be held personally liable under Labor Code sections 558, 558.1, and 1197.1.  *See, e.g., Atempa v. Pedrazzani* (2018) 27 Cal. App. 5th 809.

## **GENERAL ALLEGATIONS**

16.     When Defendants paid overtime to Plaintiff and other Class Members and FLSA Collective Members, Defendants failed to pay the overtime at the lawful regular rate of pay.

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

17.     Plaintiff and other Class Members regularly worked overtime and earned bonuses and other forms of remuneration, such as "Retail Bonus," in the same pay period.

18.     In those pay periods, Defendants paid employees at the straight time hourly rate for the overtime hours, failing to pay overtime hours "at the rate of no less than one and one-half times the regular rate of pay for an employee[,]" or "at the rate of no less than twice the regular rate of pay for an employee" for any applicable double time hours, as required by Labor Code § 510, the IWC Wage Orders, and 29 U.S.C. § 207(a)(1).

19.     Plaintiff's wage statements for the pay period of 12/19/2021 through 01/01/2022 shows that she was paid a bonus of $331.00 and also worked overtime.

20.     For this pay period, Plaintiff was paid an overtime rate of $26.63, which is a simple 1.5x multiple of her $17.75 base hourly rate.

21.     However, Plaintiff should have been paid an hourly rate that included the Retail Bonus earnings, such that her regular rate of pay would be higher than a simple 1.5x multiple, encompassing the bonus she earned during the pay period.

22.     This is one illustrative example of Defendants' class-wide unlawful regular rate calculation, and results in liability for the overtime, civil and statutory penalties, liquidated damages under the FLSA, interest, and waiting time penalties for each affected individual.

23.     Additionally, Defendants failed to consistently provide timely, off-duty 30-minute meal periods to Class Members within the first five hours of work, and timely second off-duty 30-minute meal periods to the extent they worked shifts of 10 hours or more, in violation of Labor Code sections 226.7, 512 and section 11 of the applicable IWC Wage Orders.

24.     "[T]ime records showing noncompliant meal periods raise a rebuttable presumption of meal period violations, including at the summary judgment stage." *Donohue v. AMN Services, LLC* (2021) 11 Cal. 5th 58, 61.

25.     Plaintiff's time records (and those of the Class) establish meal period violations throughout the duration of her employment.

26.     When Defendants did not provide fully compliant meal periods, Defendants failed to pay Plaintiff and Class Members a meal period premium at the regular rate of compensation in violation of Labor Code section 226.7.  *See Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal. 5th 858, 863 ("We hold that the terms are synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a), encompasses all nondiscretionary payments, not just hourly wages").

27.     Defendants' practice of not paying all meal period premiums at the lawful rate (*i.e*, including all forms of remuneration in the "regular rate of compensation") is a matter of common corporate policy and payroll administration such that it applies and affected all other Class Members and are evident from the time records maintained by Defendants, which show late, short and missed meal periods without an associated meal period premium at the lawful rate on the corresponding employee wage statement.

28.     Moreover, Defendants failed to authorize or *permit* ten-minute rest periods for every four hours of work or major faction thereof as required by Labor Code section 226.7 and 516 and section 12 of the applicable IWC Wage Order.  When Defendants did not provide a fully compliant rest periods to Plaintiff or other Class Members, Defendants failed to pay Plaintiff and other Class Members a rest period premium at the lawful "regular rate of compensation" in violation of Labor Code section 226.7.

29.     In pay periods where Defendants provided Plaintiff and other Class Members with remuneration in addition to their respective base hourly rate for hours worked (such as sales commissions)—excluding any forms of pay subject to any applicable statutory exclusions from the "regular rate"—Defendants failed to properly calculate and pay paid sick leave at the appropriate regular rate of pay, in violation of

- 7 -

Labor Code §§ 246.  Defendants paid sick leave at employees' straight time hourly rate instead of one of the methods authorized by statute, which required Defendants to factor in employees' additional remuneration, such as bonuses or commissions.

30.     Furthermore, Defendants also failed to pay Covid-19 Supplemental Sick Leave at a rate authorized by statute because when paying such leave, Defendants failed to factor in employees' bonuses, commissions, incentives, and other compensation.  On information and belief, Defendants instead paid Supplemental Sick Leave at employees' straight time hourly rate rather than by one of the methods authorized by Labor Code sections 248.1, 248.2, and 248.6.

31.     At the time of separation, Defendants failed to pay accrued and unused vacation time, at the lawful rate of compensation, to Plaintiff and, on information and belief, to Class Members, in violation of Labor Code section 227.3.

32.     Labor Code section 227.3 states that if a Defendant offers an employment contract or policy providing for paid vacation time, such paid vacation time shall be paid as wages to separated employees.  However, upon separation, Plaintiff and other Class Members were not paid all their accrued vacation time at their respective final rates.

33.     With respect to the unpaid wages, PTO, sick leave, and premiums owed to Plaintiff and Class Members, Defendants failed to pay those wages on time each pay period or upon separation of employment.

34.     Because Defendants did not pay Plaintiff and the Class for all wages/premiums and sick leave owed each pay period of their employment, Defendants failed to timely pay all wages owed each pay day or upon separation of employment (or within 72 hours thereof), in violation of Labor Code sections 201 through 203 (waiting time) and 204 and 204b (paydays).

35.     Defendants equally failed in their affirmative obligation to provide accurate itemized wage statements each pay period to Plaintiff and Class Members.

Defendants issued wage statements to Plaintiff and, on information and belief, other Class Members, which contain at least two distinct types of violations.

36.  <u>First</u>, on each wage statement furnished, Defendants failed to accurately state the "gross wages earned" and "net wages earned" in violation of Labor Code § 226(a)(1) and (5), as Plaintiff and Class Members earned overtime at one and one-half times their regular rate of pay, but were underpaid overtime on an hourly basis (due to the regular rate of pay underpayment), and were deprived of all sick leave and meal and rest period premiums earned at the lawful rate, resulting in an inaccurate itemization of gross and net wages earned on those wage statements.

37.  <u>Second</u>, on each wage statement furnished to Plaintiff and, on information and belief, the Class Members, Defendants failed to accurately state "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" in violation of Labor Code § 226(a)(9), as the wage statements issued to Plaintiff and Class Members do not accurately list the applicable hourly overtime rate in effect, but instead a deflated overtime rate that does not include all forms of non-excepted remuneration in the regular rate required to calculate and pay overtime.

38.  Defendants' wage statement issues described above rendered the wage statements inaccurate and confusing to Plaintiff and Class Members, concealing the underpayments and presenting a false portrayal of accuracy on the wage statements relied upon by Plaintiff and Class Members as the sole documentary evidence of their respective earnings.

39.  Plaintiff and Class Members suffered injury in the form of confusion regarding amounts paid for hours worked, and in the form of concealment of the common payroll practices causing the violations and underpayment of wages and wage statement deficiencies as addressed in this Complaint.

40.  Indeed, Plaintiff and, on information and belief, Class Members were misinformed and misled by the wage statements wages, hours, rates, and earnings. As

a result of the inaccuracies on the wage statements, Plaintiff and, on information and belief, Class Members were led to believe that the hourly rates and net and gross wages reflected were a complete and accurate reflection of the wages actually earned under California law.

41.    Defendants' wage statement violations were knowing and intentional as a matter of law with respect to Plaintiff and California Class Members given that the legal obligation was not disputed, the wage statement and wage laws are clear and unambiguous as written, and because Defendants nevertheless failed to comply despite the means and ability to do so.

42.    Plaintiff is informed, believes, and alleges that Defendants' acts and omissions have knowingly and intentionally caused harm to Plaintiff and the Class. Plaintiff is informed, believes, and alleges that Defendants have engaged in systemic violations of the Labor Code and IWC Wage Orders by maintaining practices, policies, and customs that are inconsistent with their obligations under California law.

## CLASS ALLEGATIONS

43.    ***Numerosity***.  The members of the Class are so numerous that joinder of all individuals would be impracticable.  The identity of the Class Members is readily ascertainable by inspection of employment and payroll records Defendants maintain and are required to maintain by under the California Labor Code, IWC Wage Orders, and federal law.  Plaintiff is informed, believes, and alleges there are more than 40 Class Members.

44.    ***Adequacy of Representation***.    Plaintiff is an adequate class representative.  Plaintiff will take all necessary steps to adequately and fairly represent and protect the interest of the Class.  Plaintiff is represented by attorneys who have substantial experience prosecuting, defending, resolving and litigating wage and hour class actions in California state and federal courts.

45.    ***Superiority***.  A class action is superior to other means for adjudication of the claims of the Class and is beneficial and efficient for the parties and the Court.

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

Class treatment will allow for the common issues to be resolved in a single forum, simultaneously and without duplication of effort and expense.

46. **Commonality**.  Common questions of law and fact and a community of interest exists amongst Plaintiff and the Class. These common issues arise from the employment relationship with Defendants and predominate over any individual issues.

47. **Typicality.**  Plaintiff's claims are typical of the claims of the other Class Members.  Plaintiff and Class Members were subject to the same policies and practices of Defendants, which resulted in losses to Plaintiff and Class Members. Proof of common unlawful business practices, which Plaintiff experienced and is representative of, will establish the right of the Class to recover on the causes of action alleged herein.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY ALL OVERTIME WAGES
### (ALL CLAIMS ALLEGED AGAINST ALL DEFENDANTS)

48. Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

49. This cause of action is brought by the California Overtime Class pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

50. Defendants failed in their affirmative obligation to pay Plaintiff and Class Members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek in violation of

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

51.    Plaintiff and the Class are entitled to recover to the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES (FLSA)

52.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

53.    This cause of action is brought by Plaintiff and the FLSA Collective pursuant to 29 U.S.C. §§ 203, 207, and 255, which require non-exempt employees be paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

54.    Defendants are an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

55.    Defendants have employed, and continue to employ Plaintiff and the FLSA collective as "employee[s] within the meaning of the Fair Labor Standards Act" ("FSLA").

56.    Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

57.    Defendants employed Plaintiff and the FLSA Collective to work, and they did work, in excess of 40 hours in a workweek.

58.    Defendants paid Plaintiff and the FLSA Collective forms of remuneration that were not included in the "regular rate of pay" used to calculate and pay overtime to them in accordance with the FLSA.

59. The additional forms of remuneration were not subject to exclusion from the regular rate of pay pursuant to one of the unambiguous eight exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

60. Because Defendants' violations of the FLSA have been willful, in plain violation of 29 U.S.C. § 207(a)(1), a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

61. Plaintiff is a member of the FLSA Collective she seeks to represent because she worked in the United States of America within the past three years for Defendants and was paid overtime wages in the same pay period in which she also received additional forms of non-excludable remuneration, such as bonuses.

62. Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

      a. Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

      b. Plaintiff and the FLSA Collective were subject to Defendants' policies, practices, and directives with respect to overtime pay.

      c. Plaintiff and the FLSA Collective were paid overtime wages.

      d. Plaintiff and the FLSA Collective were paid additional forms of remuneration, such as bonuses;

      e. Regardless of their job title or location, Defendants did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

63. Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours work week (i.e., due to the regular rate underpayments).

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

64.     The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

65.     Plaintiff and the FLSA Collective are entitled to recover to the full amount of unpaid overtime wages owed, in addition to liquidated damages, interest, penalties, and attorneys' fees, and costs to the extent permitted by law, including under 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

66.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

67.     This cause of action is brought by the Labor Code § 226.7 Class pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

68.     Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and Class Members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

69.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and the Class one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

- 14 -

70.     Plaintiff and the Class are entitled to recover to the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

### FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

71.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

72.     This cause of action is brought by the Labor Code § 226.7   Class pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

73.     Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and Class Members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

74.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and the Class one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

75.     Plaintiff and the Class are entitled to recover to the full amount of the rest period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

### FIFTH CAUSE OF ACTION

### UNPAID VACATION WAGES

76.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

77.     This cause of action is brought by the Unpaid Vacation Wages Class pursuant to Labor Code §§ 201, 202, 203, and 227.3 and 1194, and 1198, which require non-exempt employees be timely paid all vested vacation wages at their final rate of pay upon separation of employment, and which further provide a private right of action for an employer's timely failure to pay all vacation compensation upon termination.

78.     Defendant offered Plaintiff and the Class Members an employment contract or policy providing for the accrual of vacation and/or paid time off.  Plaintiff and the Class Members accrued vacation and/or PTO pursuant to the contract or policy.

79.     Upon separation of Plaintiff and Class Members, Defendants willfully failed in their affirmative obligation to timely pay Plaintiff and Class Members all accrued but unused vacation at their final rate during their employment with Defendants, in violation of Labor Code sections 201(a), 202(a), and 227.3.

80.     Plaintiff and the Class are entitled to recover to the full amount of the accrued vacation wages owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SIXTH CAUSE OF ACTION

## UNTIMELY PAYMENT OF WAGES

81.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

82.     This cause of action is brought by the Untimely Payment of Wages Class pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

83.    Defendants willfully failed in their affirmative obligation to timely pay all wages and premiums earned by Plaintiff and Class Members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

84.    Plaintiff and the Class are entitled to recover to the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## SEVENTH CAUSE OF ACTION
## WAGE STATEMENT VIOLATIONS

85.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

86.    This cause of action is brought by the Wage Statement Class pursuant to Labor Code §§ 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

87.    Defendants knowingly and intentionally failed in their affirmative obligation provide accurate itemized wage statements to Plaintiff and Class Members resulting in injury to Plaintiff and Class Members.  Specifically, the wage statements issued to Plaintiff and Class Members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

88.    Defendants' unlawful acts and omissions deprived Plaintiff and the Class of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

- 17 -

89.    As a result, Plaintiff and the Class are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

### EIGHTH CAUSE OF ACTION

### WAITING TIME PENALTIES

90.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

91.    This cause of action is brought by the Waiting Time Penalty Class pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

92.    Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and members of the Waiting Time Class immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

93.    Plaintiff and the Waiting Time Class are entitled to recover to a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

### NINTH CAUSE OF ACTION

### FAILURE TO PROVIDE PAID SICK LEAVE & SUPP. PAID SICK LEAVE

94.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

95.     Plaintiff brings this cause of action on behalf of the Paid Sick Leave Class.

96.     Defendants knowingly and intentionally failed in their affirmative obligation provide and pay paid sick leave to Plaintiff and the Paid Sick Leave Class in violation of Labor Code section 246.

97.     Labor Code section 246(b)(1) requires that employees accrue sick leave at the commencement of employment at a rate of 1 hour for every thirty hours worked.  Section 246(c) entitles employees to use any accrued sick leave beginning on their 90th day of employment.

98.     Labor Code section 246(l) governs how Defendants were required to calculate paid sick leave:

[A]n employer shall calculate paid sick leave using any of the following calculations:

(1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

(2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

(3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

99.     Defendants failed to pay Plaintiff and the Paid Sick Leave Class paid sick leave at one of the lawful rates set forth in the statute because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and the Paid Sick Leave Class.

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

100.   Furthermore, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave to the Paid Sick Leave Class at the correct rate in violation of Labor Code sections 246, 248.1, 248.2, and 248.6.

101.   Pursuant to Labor Code section 248.1, Defendants were required to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave to employees for the period of April 20, 2020 to December 31, 2020.  Labor Code section 248.2 required Defendants to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2021 through at least September 30, 2021.  Labor Code section 248.6 extended Covid sick leave protections and requires employers to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2022 to September 30, 2022, and may be extended thereafter.

102.   Under Labor Code section 248.1, employees must be paid for Covid-19 Supplemental Paid Sick Leave at the highest of the following: (1) the regular rate of pay for the last pay period, (2) state minimum wage, (3) local minimum wage.

103.   Under Labor Code section 248.2, non-exempt employees must be paid supplemental paid sick leave according to the <u>highest</u> of the following four methods:

(I)   Calculated in the same manner as the regular rate of pay for the workweek in which the covered employee uses COVID-19 supplemental paid sick leave, whether or not the employee actually works overtime in that workweek.

(II)   Calculated by dividing the covered employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

(III)   The state minimum wage.

(IV)   The local minimum wage to which the covered employee is entitled.

- 20 -

75.    Labor Code section 248.6 requires employers to pay supplemental sick leave using either method (I) or (II), as identified above.

76.    On information and belief, Defendants failed to pay Covid-19 Supplemental Sick Leave in the manner described above because Defendants failed to include in their sick leave calculation the additional remuneration received by the Paid Sick Leave Class.

77.    As a result, Defendants violated the Labor Code and are liable to Plaintiff and the Paid Sick Leave Class for underpaid sick leave earnings, in addition to interest,

attorneys' fees, and costs.

## **TENTH CAUSE OF ACTION**
## **UNFAIR COMPETITION**

104.   Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

105.   Plaintiff brings this cause of action on behalf of all Classes.

106.   Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by failing committing the foregoing wage and hour violations alleged throughout this Complaint.

107.   Defendants' dependance on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other Class Members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws.  These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200, *et seq.*

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

108.   Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

109.   Plaintiff and the Class are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and the Class have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200, *et seq.*   Plaintiff and the Class are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiff prays for judgment as follows:

a.   For certification of this action as a class action;

b.   For appointment of Plaintiff as the representative of the Class;

c.   For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d.   For an order that Defendants be ordered to file with the Court and provide Plaintiff's counsel a list of names and current (or best known) addresses and emails of all FLSA Collective Members and for facilitated notice under 29 U.S.C. § 216(b);

e.   For recovery of damages in amount according to proof;

f.   For all recoverable pre- and post-judgment interest;

g.   For recovery of all civil and statutory penalties and liquidated damages, including under 29 U.S.C. § 216(b);

h.   For disgorgement of all amounts wrongfully obtained;

i.   For restitution and injunctive relief;

Class and Collective Action Complaint
*Cardenas v. Under Armour Retail et al.*

j.     For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226, 1194, 2802, and Code of Civil Procedure section 1021.5; and

k.     For such other relief the Court deems just and proper.

Dated: May 9, 2022                    Ferraro Vega Employment Lawyers, Inc.

*Nicholas J. Ferraro*

_____

Nicholas J. Ferraro
*Attorneys for Plaintiff*

- 23 -